MARIE SHERLOCK, *et al., Plaintiffs in Error*, v. ANABEL
    BURRITT, *et al., Defendants in Error.*

Opinion Filed March 10, 1914.

One who brings ejectment as attorney in fact for others should
    prove a valid power of attorney.

Writ of Error to Circuit Court for Marion County: W.
S. Bullock, Judge.

Judgment affirmed.

*R. L. Anderson*, for Plaintiffs in Error;

*Davant & Davant*, for Defendants in Error.

COCKRELL, J.—This is an action in ejectment for a lot
in the town of Brooksville, instituted in Hernando
County and transferred on the motion of the plaintiffs
to Marion County, by "Marie Sherlock and Annie Sher-
lock Towns, joined by her husband, Thomas Randolph
Towns, by Annie Ball their attorney in fact." The de-
fendants, who recovered judgment, relied upon a deed
of conveyance, with full covenants of warranty, executed
in 1900 by "Miss Annie Ball, atty in fact, for the
heirs of Thomas Sherlock," and adverse possession there-
under for the period of seven years. It may be assumed
as an established fact that the title prior to 1900 was
in Thomas Sherlock and descended to Marie Sherlock
and Annie Sherlock Towns.

While there was some effort made to deny the actual
execution of the deed to the defendants' predecessor in
title in 1900, we do not think this question was properly
submitted to the jury.

The theory of the plaintiff's case is that Miss.Ball had
and has no valid power of attorney from these two heirs

of Thomas Sherlock, recognizing the established law that if she had such power in 1900 the deed by her conveyed the legal title and that it was subsequently conferred upon her, the doctrine of estoppel by the full covenants of warranty would prevent recovery. It seems to us, however, that a valid power of atttorney from these heirs to Annie Ball is essential to the right of action as laid. That the capacity in which one sues is an essential fact in issue in case of this character, and if she be not an attorney in fact, she is not entitled as such to a recovery in ejectment. On either horn she is impaled.

The preponderance of the evidence on the issue of adverse possession so greatly lies in favor of the verdict rendered, we feel no hesitancy in applying this rule that might otherwise smack of technicality. Parties who lie by for so many years in the face of the physical facts here so patent of an adverse holding, need expect little sympathy when they rely on slight defects in the formal acknowledgments of instruments by them.

Judgment affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.